

U.S. Department of Justice
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*      (503) 727-1000
*Portland, OR 97204-2902*      Fax (503) 727-1117

January 16, 2015

Matthew G. McHenry
Levine & McHenry LLC
1001 SW 5th Ave Ste 1414
Portland OR   97204

**ORIGINAL**

Re:   *United States v. Juan Antonio Pena,* Case No.3:14-CR-00100-HZ-13
      Revised Plea Agreement Letter

Dear Counsel:

1.   **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.   This agreement does not apply to any charges other than those specifically mentioned herein.

2.   **Charges**:  Defendant agrees to plead guilty to Count One of the Indictment, which charges conspiracy to distribute and possess with intent to distribute controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

3.   **Penalties**: The maximum sentence is life imprisonment, a mandatory minimum sentence of ten years imprisonment, a fine of $4,000,000 and not more than five years of supervised release, and a $100 fee assessment.   Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.   Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4.   **No Prosecution**:   The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this drug investigation, known to the USAO at the time of this agreement.

5.   **Elements and Factual Basis**:   In order for defendant to be found guilty of Count 1 of the Indictment, the government must prove the following elements beyond a reasonable doubt:

   First, the defendant knowingly conspired with codefendant Felix-Rodriguez and others to distribute and possess with intent to distribute more than 5 kilograms of cocaine and more than 500 grams of a mixture and substance containing methamphetamine; and

   Second, the defendant knew that it was cocaine and methamphetamine or some other prohibited drug.

Revised 02/03/10

Defendant admits the elements of the offense alleged in Count 1 of the Indictment and acknowledges that the government would prove the following facts beyond a reasonable doubt at trial:

The government's investigation in this case uncovered a sophisticated drug trafficking organization (DTO) responsible for importing, transporting, and distributing large quantities heroin, methamphetamine and cocaine from Mexico, into Southern California and across the United States. The charged conspiracy began in July of 2013 and continued through defendant's arrest in March of 2014. The Portland, Oregon cell of the DTO was managed by Juan Orozco-Lopez.

During this conspiracy defendants Zazueta, Felix-Zazueta, Orozco-Lopez and Felix Rodriguez obtained methamphetamine, cocaine and heroin in Mexico and imported these controlled substances into the United States. Defendants Zazueta, Felix-Zazueta, Orozco-Lopez and Felix-Rodriguez arranged for couriers, including Beltran, Lopez, Aramburo, Jr., Verduzco, Jr. and other coconspirators, to transport controlled substances to Oregon and throughout the United States using cars with hidden compartments, commercial bus lines, and passenger trains. Defendants Felix-Rodriguez and Orozco-Lopez worked in concert to obtain controlled substances from sources of supply in Mexico to be distributed throughout Oregon and southwest Washington by their associates including, co-defendants Lopez, Pena and Redding Kelly, Tziu-Uc, Valle-Ramirez, Hofmann, Underwood, Verduzco Jr., Penney, Molina Jr., Sutton, Jr..

The government's evidence and proof of this conspiracy and the defendant's participation therein includes: controlled purchases of cocaine, seizure of methamphetamine, cocaine and heroin from couriers, seizures of controlled substances through execution of search warrants, and the evidence obtained through five months of court authorized wire and electronic interceptions.

Defendant Pena worked for Felix-Rodriguez. On November 15, 2013, investigators stopped Jaime Lopez in a Toyota Solara and seized nine kilograms of cocaine and five pounds of methamphetamine destined for Felix-Rodriguez. On November 22, 2013, in an effort to retrieve the drugs for Felix-Rodriguez, Pena called the police and falsely claimed that he was purchasing the Solara. On November 26, 2013, investigators intercepted a call between Felix-Rodriguez and Pena discussing the seizure, whether the police found the drugs, and how to get the vehicle back. Pena warned Felix-Rodriguez that there was a limit to how far they could go without getting caught. Pena asked if "it was 10" and Felix-Rodriguez replied that it was "something like that." Pena told Felix-Rodriguez that he would keep going to the police until they told him he could not have the Solara. On November 27, 2013, the Portland Police returned the Solara to Pena.

On December 12, 2013, investigators stopped Felix-Rodriguez and his son and seized $87,280 in drug proceeds and Felix-Rodriguez' Mercedes GL550. Following the seizure, Pena contacted the Medford Police department and tried to retrieve the Mercedes. Pena falsely claimed that the money belonged to Felix-Rodriguez, Jr.

On February 6, 2014, investigators intercepted a call in which Felix-Rodriguez told Pena that he planned to send the Solara to Mexico. Pena asked Felix-Rodriguez if he could put a .22 rifle in the Soloara. Felix-Rodriguez told Pena the rifle would not fit in the trap.

On March 12, 2014, officers searched Pena's Vancouver, Washington residence and arrested him without incident.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to U.S.S.G. § 2D1.1 is more than 3,000 but less than 10,000 kilograms of marijuana, for a Base Offense Level of 32, prior to adjustments. This is based upon the cocaine and methamphetamine seized in this case converted to marijuana pursuant to U.S.S.G. 2D1.1.

8. **Role Adjustment**: The parties agree to recommend a two-level downward adjustment pursuant to USSG § 3B1.2(b) (and a two-level adjustment pursuant to § 2D1.1(a)(5)) because defendant was a minor participant in the criminal activity.

9. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

10. **Low End Range**: The USAO will recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.

11. **No Enhancement**: The USAO agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 if defendant has any prior felony drug convictions.

12. **"Safety Valve" Adjustment**: If defendant meets the criteria of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 for "safety valve" relief from a mandatory minimum sentence, the parties will recommend a two-level reduction in offense level pursuant to U.S.S.G. § 2D1.1(b)(11).

13. **Abandonment of Firearm(s)/Property**: By signing this agreement, defendant hereby voluntarily abandons all right, title and interest to the following firearms or other property: .45 caliber Sig Sauer P220, serial number G254667; Springfield XD 9mm, SN:XD280154;

Springfield XD 9mm, SN:XD280154; Ruger P94 semi-automatic pistol SN 341-28250; One box .40 S&W ammunition; Taurus .38 Special SN:2118129; RUAG Ammotex USA ammunition; Miscellaneous .45 caliber, .22 caliber, 5.7 mm, and 7.62 mm ammunition; Ruger M77, .243 caliber rifle S/N: 772-44300; Smith & Wesson 9 mm pistol S/N: DVV3850; Winchester shotgun barrel; Two Smith & Wesson 9mm magazines and 20 rounds of 9mm ammunition; .22 Semi-automatic 17 rifle, 9mm semi-automatic pistol; Glock 19, 9mm pistol serial number NXY294; Thompson .45 Colt pistol, a Protector 12 gauge shotgun, a Buffalo Arms .30 caliber rifle, a Mossberg .410 shotgun and a Ruger .22 rifle..

14. **Additional Departures, Adjustments, or Variances**: If defendant accepts this offer and pleads guilty prior to the December 9, 2014 status conference, and forgoes filing suppression motions and motions seeking the identity of the informant and suppression of the wiretap evidence, the government will recommend an additional two-level decrease in the offense level to recognize defendant's early resolution, and to achieve a reasonable sentence in light of that early resolution under the factors listed in 18 U.S.C. § 3553(a). Defendant is free to seek additional downward departures, adjustments, or variances to the advisory guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553.

15. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

16. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

17. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

18. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or

commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

19. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

20. **Deadline**: This plea offer expires if not accepted by January 20, 2015, at 11:00 a.m.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

GEOFFREY A. BARROW
PAMALA R. HOLSINGER
Assistant United States Attorneys

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

2/4/15
Date                                          JUAN ANTONIO PENA, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

2/4/15
Date                                          MATTHEW MCHENRY, Attorney for Defendant